■ DANIEL RION, Appellant, v TOWN OF ASHLAND, Respondent. — Levine, J.

On September 28, 1982, plaintiff arrived at the Justice Court of the Town of Ashland, Greene County, where he planned to prosecute a small claims matter. One Edward Meyers, scheduled to appear before the court on criminal charges, arrived at the same time. Apparently without provocation, Meyers attacked plaintiff with a hatchet, seriously injuring him. Plaintiff subsequently brought the instant action against the town, alleging that Meyers' conduct was foreseeable and that the town was negligent in failing to provide him with adequate police protection. On the town's motion, Special Term dismissed the complaint for failure to state a cause of action. This appeal by plaintiff ensued.

A municipality cannot be held liable for negligence in the performance of a governmental function, including police protection, unless a special relationship existed between the municipality and the injured party, resulting in the creation of a duty to protect that individual (*see, De Long v County of Erie,* 60 NY2d 296, 304-305; *Florence v Goldberg,* 44 NY2d 189, 195). This rule remains applicable in a situation where the municipality owns the property on which the plaintiff is injured by the criminal acts of a third person (*Bardavid v New York City Tr. Auth.,* 61 NY2d 986, 987; *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 181-182 [no liability to victims of subway muggings]).

The uncontroverted facts of the instant matter clearly establish that no special relationship existed between plaintiff and the town (*see, Riss v City of New York,* 22 NY2d 579, 581-582). No representations had been made to plaintiff that he would receive police protection on the Justice Court's premises, so he

could not have relied on such services to his detriment (*cf. De Long v County of Erie, supra* [liability found for murder victim who had phoned 911 number for police help and did not receive it, despite being told police would come at once]; *Florence v Goldberg, supra* [liability found for child run over at school crossing on day crossing guard was not on duty]). Under the circumstances of this case, the town owed no duty to plaintiff and the complaint was properly dismissed.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.